Case No. 18-60238-Civ-COOKE

DAVID BRYSON COX, *Authorized*
*Representative (SPC) for David B. Cox*
*Debtor, ENS Legis*,

      Plaintiff,

v.

STATE OF FLORIDA, *ENS Legis*,

      Defendant.

_____/

## ORDER DENYING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AND DISMISSING CASE

THIS MATTER is before me on Plaintiff's Notice to Court to Assume Jurisdiction and Administer Justice in this Cause ("Complaint") (ECF No. 1) and Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 5). Mr. David Bryson Cox ("Plaintiff"), is currently incarcerated at Dade Correctional Institute, and brings this action *pro se* requesting that this Court "record these documents that are sent" and "administer Justice in these causes." Compl, 1. I have reviewed Plaintiff's filings and the relevant legal authority. For the reasons provided herein, Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs is denied and Plaintiff's Complaint is dismissed.

## I.      DISCUSSION

A court shall dismiss a case filed *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). A pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction," as well as "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). The facts pleaded in a complaint must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, the

"short and plain statement of the claim" in the complaint must be sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998). However, the leniency shown to *pro se* litigants "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted), *overruled on other grounds*, *as recognized by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). "While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. Saint Lucie County School Bd.*, 399 F. App'x. 563, 565 (11th Cir. 2010) (unpublished) (citations omitted).

Plaintiff's Complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Plaintiff outlines his facts in numbered paragraphs, the facts simply establish that Plaintiff sent documents to the Broward County Clerk of Court, some of which were recorded and others which were returned. *See* Compl. However, the fact that the Broward County Clerk of Court did not record these documents does not establish any viable causes of action against Defendant, the State of Florida. In addition, the documents attached to the Complaint also do not establish a viable claim against Defendant. The documents allege that Plaintiff is a Secured Party Creditor, that he has appointed the Honorable Judge Dennis Bailey to act as Plaintiff's Trustee, and that he asked the Broward County Court to discharge his Commercial Liabilities so he can be released from his incarceration, among other things. *See generally* ECF No. 1-1. Nowhere does Plaintiff identify any federal cause of action or otherwise include a short and plain statement of the grounds for this Court's jurisdiction, as required by Federal Rule of Civil Procedure 8(a)(1). Accordingly, I find that Plaintiff's Complaint is frivolous and does not contain "an arguable basis in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## II.    CONCLUSION

For the aforementioned reasons, Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 5) is **DENIED**. Plaintiff's Notice to Court to Assume Jurisdiction and Administer Justice in this Cause (ECF No. 1) is **DISMISSED** *without prejudice*, meaning Plaintiff has leave to file an amended complaint if, *and only if*, he is able to allege facts that cure the pleading deficiencies outlined above. All pending motions, if any, are **DENIED** *as moot*. The Clerk of Court shall **CLOSE** this matter.

**DONE and ORDERED** in chambers at Miami, Florida, this 28th day of February 2018.

MARCIA G. COOKE
United States District Judge

*Copies furnished to:*
*David Bryson Cox*, pro se